WINDSOR,
*February,*
1834

HYDE CLARK *vs.* WYLLIS LYMAN, Administrator.

*In Chancery.*

*A* person who has defended an action of ejectment, commenced against another, claiming the land as his, and where a recovery was had against the defendant, is not precluded from contesting the title of the plaintiff in the ejectment, in a suit in chancery, instituted by him against the same plaintiff.

The creditors of one of a firm, may set off on execution his share of the real estate, held by the firm, if it is not made to appear that the creditors of the firm will be injured thereby.

Such a levy will be held good, unless the creditors or the other members of the firm take some measures to have the interest of the debtor ascertained, before the levy is made.

A statement of the case will be found comprised in the opinion of the court.

The opinion of the court was delivered by

WILLIAMS, Chancellor.—The bill states, that in February, 1815, the complainant bargained with Elam Brooks for a farm, and completed the contract in March, by which he was to pay him the sum of 2120 dollars, to have possession of part in one year and part in two years: That in 1815 and 1816, he paid Brooks 1613 dollars of the purchase, and gave his notes for the residue, which he had paid to the administrator: That Brooks and his administrator have retained possession since, and have refused to execute and deliver him a deed. The bill further states, that Wells and Gross, who were creditors of Reuben Chapman, pretending that the complainant and the said Reuben Chapman were in partnership, which however he expressly denies; and also that Brooks had deeded the farm to the complainant and Chapman—took out an attachment against Chapman—recovered judgment, and levied their execution on one undivided moiety of the farm, as the property of Chapman:

WINDSOR,
February.
1834.

Clark
vs.
Lyman.

That they commenced an action of ejectment against Brooks, who was in possession, and at the May term of the county court in this county, the representatives of the survivor of Wells and Gross recovered a judgment in said action against the administrator of Brooks ; and that this recovery was founded principally on the admissions of Brooks. The answer from the representatives of the different parties, puts the complainant on proof of his bill. It appears that the complainant defended the action of ejectment brought by Wells and Gross against Brooks, and gave a bond to Brooks to indemnify him from the cost of that action.

Several depositions and proofs have been exhibited in the case, and in the argument some questions of law have been raised and presented to the consideration of the court. The first question is as to the effect of the judgment rendered in the action of ejectment, and if this is so far conclusive upon the complainant, as the defendant contends, the case is at an end, and the bill must be dismissed. The effect of that judgment is undoubtedly to confirm in the representatives of Wells and Gross all the interest, whether legal or equitable, which Reuben Chapman had in the Brooks farm. So far, there is no doubt that it is conclusive on the complainant and every one else. The general rule upon this subject has been correctly stated, that no one is bound by a judgment to which he is not a party or privy. It is true also that courts will sometimes take notice of the real party. The case mentioned in Peake's Treatise on Evidence, is of this character. If a man brings an action of ejectment in the name of another as his lessee, he being in fact the real plaintiff, the verdict is evidence for or against him in an ejectment brought in the name of another plaintiff on his demise. As it is optional with a plaintiff to bring a suit or action, there is abundant reason why he should be concluded by the judgment; but the same reasons will not apply to a person who appears for and contends in the name or right of a defendant. In an action of ejectment, it may be important and material to prevent a change of possession, to defend an action instituted to recover the possession. But inasmuch as in such an action, evidence of the declarations or admissions of the party defendant are admissible in evidence, it ought not to be conclusive. And it may well be doubted whether a voucher who is summoned in to make a title in an action of ejectment, would be concluded by a verdict rendered on proof alone of the admissions of the party. We are not inclined, then, on this question, which may be susceptible of doubt, to turn this case and hold the complainant concluded by the judgment render-

WINDSOR,
February,
1834.

Clark
*sa
Lyman.

ed in that action. From the minutes of the judge who presided at the trial, it appears that the question in that case was principally whether Brooks had ever executed a deed of the land to Clark and Chapman, and that the verdict was rendered on evidence applicable to that case, and principally on evidence of the declarations and admissions of Brooks. We can discover no collusion between Brooks and the plaintiff in that action. There is nothing which should induce us to believe that the admissions were falsely made, with a view to the benefit of the creditors of Chapman.— As against Brooks, the evidence is now abundant to show that he executed a deed to that import; but as against this complainant, there is no evidence to that effect, inasmuch as the declarations of Brooks are not evidence against him, although from the nature of the purchase and from the declarations of the complainant that he and Chapman had purchased the farm, as testified by Tilden, we should incline to the belief that if any deed was executed, it was executed to the complainant and Chapman jointly. The question then will arise, whether the orator has established by proof such a claim as entitles him to relief. For this purpose he must prove that he purchased the land for himself alone, or that he paid his own money for it; for if the land was purchased by him and Chapman jointly, or for their joint benefit, and they were equally the equitable owners of the same, the complainant cannot disturb the creditors of Chapman who have legally appropriated to themselves his interest therein. It is to be remarked, that it appears from the evidence that the complainant and Chapman were partners in the purchase of timber; although this is positively asserted not to be true in the bill: and further it appears that this land was purchased for the timber while they were partners. It would be highly probable therefore, that the purchase should have been made for their joint benefit. A sale of the land itself, either to Brooks or some one else, was undoubtedly contemplated, and the charge made by Clark to Clark & Chapman of the amount of the purchase money paid to Brooks, shows that this was contemplated as a joint purchase, or a purchase for their mutual benefit. If this was contemplated, it is not inconsistent that the bargain should be made by Clark, or that he should have paid the money.

To prove the case, the complainant has introduced several depositions, to wit, the depositions of James Hodgman, Pascal P. Hodgman, and Darius King. The relation of all these witnesses is consistent with the position assumed by either party, viz., that the purchase was made by Clark for his own benefit, or the benefit of

Clark and Chapman, and tend as strongly to prove one as the other. But from the testimony of Chapman, we should rather infer that the purchase was made by the two jointly, and that the equitable interest was in both. From this proof it cannot be said, that the complainant has established the fact that he purchased the farm on his own account alone.

The next inquiry will be, whether the purchase-money was paid by Clark so as to create a resulting trust in his favor, even if a deed was not taken to him alone. There is no doubt that he paid the money ; but it is very far from being proved that it was paid out of his own funds. The fair inference from the testimony is, that it was paid out of their joint funds, and out of money furnished by Chapman to pay the debts of Clark & Chapman in Vermont and New-Hampshire. The orator has not made out a case entitling him to the relief prayed for on this ground.

Another question has been raised, that is, whether if the purchase was made for the benefit of the firm of Clark & Chapman, it had not become the sole property of Clark previous to the attachment laid thereon by Wells & Gross. There might have been such an agreement between them as would have vested the equitable title in Clark alone, and the testimony of Chapman tends to prove this ; but it is altogether too unsatisfactory and uncertain to entitle the complainant to a decree. There is no satisfactory evidence of any such agreement, and the declarations of the complainant, of Chapman and Brooks, and every one in interest, has been uniform, that the farm was purchased by the complainant and Chapman. It has been further urged, that the debt of Wells & Gross was not a partnership debt, but against Chapman alone, and that he could only be entitled to the share of Chapman after the payment of the partnership debts. Without deciding how far the English rule on that subject can be enforced here, and how it is to be enforced where the partnership effects consists of personal property, which may be sold on execution at auction, real estate, which must be appraised, and evidence of debts which are not liable to an execution, it is sufficient to say that this bill is not framed to present that question : there are no facts by which we are to determine that Chapman's share or right in the partnership effects did not amount to more than the half or the Brooks farm. The complainant did not ask to have an account taken of the partnership effects before the levy ; and he cannot stand by, see the lands set off on execution to satisfy the debt against Chapman, wait until the creditors had recovered judgment for the possession of Chap-

WINDSOR,
*February,*
1834.

Clark
*vs.*
Lyman.

man's interest in an action of ejectment, and at this period disturb the levy on that ground. The result is, that the bill must be dismissed, with cost to all the defendants except the administrator of Brooks, and without cost to him.

*Mr. Hubbard and Mr. Marsh for complainant.*
*Mr. T. Hutchinson for defendant.*